```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

VINCENT J. RHODES and DIANA RHODES,

        Plaintiffs,

v.                              Case No: 2:14-cv-561-FtM-29CM

LAZY FLAMINGO 2, INC.,

        Defendant.

_____

### **OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #30) filed on February 12, 2015. Plaintiff filed a Response (Doc. #33) on February 26, 2015. For the reasons set forth below, the motion is denied.

**I.**

On February 25, 2015, Plaintiffs Vincent and Diana Rhodes filed a four-count Amended Complaint (Doc. #32) against Defendant Lazy Flamingo 2, Inc. (Flamingo). Taking the allegations as true, Flamingo operates a restaurant known as the Lazy Flamingo on Sanibel Island, Florida. (Id. ¶ 2.) Plaintiffs vacationed in Florida on the afternoon of July 14, 2012. (Doc. #32, ¶ 7.) On that day, Plaintiffs dined at the Lazy Flamingo, where Vincent Rhodes (Rhodes) ordered and consumed raw oysters on the half-

shell. (Id. ¶ 8.) According to Plaintiffs, Flamingo failed to warn them of the risks associated with consuming raw oysters, as required by Fla. Stat. §§ 381.001, 384.25, and Fla. Admin. Code Ann. r. § 64D-3.040 (Section 64D). (Doc. #32, ¶¶ 9-11.) These risks included an increased chance of serious illness in those suffering from chronic illness of the liver. (Id.) At the time, Rhodes suffered from chronic liver disease (id. ¶ 13), and "had a liver transplant" (id. ¶ 14).

The oysters Rhodes consumed at the Lazy Flamingo were contaminated with the bacterium *Vibrio vulnificus*, and Rhodes became ill within hours of eating them. (Id. at ¶¶ 17, 18.) By the end of the following day, Rhodes displayed many food-poisoning symptoms, including diarrhea, dehydration, cramping, fever, and chills. (Id. ¶ 19.) Rhodes went to Health Park Medical Center in Fort Myers, Florida for treatment. He was admitted and spent three days in the intensive care unit. (Id. ¶¶ 20-23.) Rhodes remained hospitalized for two additional days and was released on July 20, 2012. (Id.) The hospital staff determined a severe infection due to the *Vibrio vulnificus* bacterium caused Rhodes' illness. (Id. ¶ 23.)

Based on these allegations, Plaintiffs seek damages against Flamingo for negligence per se (Count I), negligence (Count II), strict liability (Count III), and breach of warranty (Count IV). (Doc. #31, ¶¶ 26-47). Flamingo moves to dismiss, arguing that (1)

Plaintiffs improperly rely upon a duty created by a Florida statute that was not in effect when Rhodes consumed the oysters; and (2) the oysters served by Flamingo were not unreasonably dangerous. (Doc. #30, pp. 2-5.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations

3

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

**A.   Count I**

In Count I, Plaintiffs claim that Flamingo was per se negligent in failing to warn them of the health risks associated with consuming raw oysters. (Doc. #32, ¶¶ 26-31.) Under Florida law, a claim for negligence per se requires "a violation of a statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." Liese v. Indian River Cnty. Hosp. Dist., 701 F.3d 334, 353 (11th Cir. 2012). The statutory duty alleged by Plaintiffs is Section 64D, Fla. Admin Code, which provides that all food service establishments serving raw oysters display, either on menus or placards, the following notice: "Consumer Information: There is risk associated with consuming raw oysters. If you have

4

chronic illness of the liver stomach or blood or have immune disorders, you are at a greater risk of serious illness from raw oysters, and should eat oysters fully cooked. If unsure of your risk, consult a physician." Fla. Admin. Code Ann. r. § 64D-3.040 (2008). Although not part of the negligence per se claim, Plaintiffs also allege Fla. Admin Code Ann. r. § 61C-4.010(8) (Section 61C) was adopted to warn those consuming raw oysters of the risk of severe *Vibrio vulnificus* infections. (Doc. #32, ¶ 23.)

Flamingo moves to dismiss Plaintiffs' cause of action for negligence per se, arguing that Plaintiffs have not adequately alleged a statutory duty to warn because Section 61C was not in effect at the time Rhodes consumed the oysters. (Doc. #30, p. 3.) While Flamingo is correct that Section 61C was not in effect at the time, Plaintiffs do not rely on Section 61C to form the basis of their count. Instead, Plaintiffs claim a duty to warn was required by Section 64D. (Doc. #32, ¶ 11.) Section 64D, which was last amended November 24, 2008, was in effect when Rhodes consumed the oysters. Fla. Admin. Code Ann. r. § 64D-3.040 (2008). Therefore, the Court concludes that Plaintiffs have adequately alleged the existence of a statutory duty. Flamingo's motion to dismiss on the basis of this argument is denied.

**B.    Counts II-IV**

Plaintiffs seek damages against Flamingo for negligence (Count II), strict liability (Count III), and breach of warranty (Count IV).  Plaintiffs' causes of action are each premised on their allegation that oysters contaminated with *Vibrio vulnificus* are unreasonably dangerous.  Flamingo moves to dismiss these causes of action arguing that Plaintiffs' allegation is conclusory and inadequate.  (Doc. #30, p. 3.)  The Court disagrees.  Plaintiffs allege that the oysters served to Rhodes were unreasonably dangerous because they were contaminated with *Vibrio vulnificus*.  (Doc. #32, ¶¶ 34, 38, 46.)  Further, Plaintiffs point to Section 61C, and allege that it was specifically adopted to warn those consuming raw oysters of the risk of severe *Vibrio vulnificus* infections.  (Id. ¶ 23.)  The Court finds that Plaintiffs have provided sufficient factual support to plausibly allege that the oysters consumed by Rhodes were unreasonably dangerous.

In the alternative, Flamingo moves to dismiss these causes of action arguing that oysters contaminated with *Vibrio vulnificus* are not unreasonably dangerous as a matter of law.  (Doc. #30, pp. 4-5.)  In support, Flamingo points to Bissinger v. New Country Buffet, No. M2011-02183-COA-R9-CV, 2014 WL 2568413 (Tenn. Ct. App. June 6, 2014), Simeon v. Doe, 618 So. 2d 848 (La. 1993), and Bergeron v. Pacific Fodo, Inc., 2011 WL 1017872 (Conn. 2011). (Id.)  However, these cases are not binding on the Court.  Flamingo

6

does not cite, and the Court is unaware of any Florida precedent holding that oysters contaminated with the *Vibrio vulnificus* bacteria are not unreasonably dangerous as a matter of law. Further, the cases Flamingo cites rule on motions for summary judgment and a motion for judgment as a matter of law following the conclusion of a plaintiff's case at trial. Flamingo has provided no case law in which such a determination was made in the context of a motion to dismiss, where the Court must accept plaintiff's factual allegations as true. Therefore, the Court finds that these cases are not applicable, and Flamingo's motion to dismiss on this basis is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #30) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record