UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Vincent J. Rhodes and Diana Rhodes,

Plaintiffs,

vs.

Lazy Flamingo 2, Inc.,

Defendant.

Case No. 2:14-cv-00561-JES-CM
2:14-cv-561-FtM-29CM

**AFFIDAVIT OF ELLIOT L. OLSEN REGARDING EXPERT EXPENSES AND PROTECTIVE ORDER**

STATE OF MINNESOTA )
) SS.
COUNTY OF HENNEPIN )

Elliot L. Olsen, being first duly sworn upon oath, states:

1. I am one of the attorneys of record for the Plaintiffs, am thoroughly familiar with all of the files, records and proceedings herein, and base this affidavit on my personal knowledge

2. Plaintiff Vincent. Rhodes at all relevant times has resided in Colorado Springs. He was injured by the bacteria known as *Vibrio vulnificus* that had contaminated raw oysters. He consumed the raw oysters at the restaurant of the Defendant, Lazy Flamingo. Mr. Rhodes was hospitalized for several days including three days in the intensive care unit. He experienced severe sepsis with accompanying pain, suffering, and permanent emotional sequelae.

3. Plaintiffs commenced this action against Lazy Flamingo 2, Inc. on September 25, 2014.

4. On July 27, 2015, Defendant's counsel, Raymond Haas, conducted the deposition of Plaintiffs' expert microbiologist, Dr. James Oliver.

5. Dr. Oliver subsequently issued an invoice seeking the sum of $1791.67 for his services. Broken down, he sought $1000 as a flat fee for the deposition testimony, $250 for travel to and from the deposition, and $541.67 for 1:05 hours of preparation and gathering documents requested by the defense. His hourly rate is $500 per hour.

6. Mr. Haas has now stated that he will only pay the $1,000 for the deposition and nothing for preparation time to gather documents he sought. He further stated he would not pay for travel.

7. The deposition of Plaintiffs' expert microbiologist, Dr. Gary Rodrick was set for Tuesday, August 4, 2015 at 1 pm. Because of Mr. Haas' position that he will not pay for any preparation or travel time of expert, I cancelled the deposition until payment arrangements could be made that are acceptable to all parties.

8. We remain willing to produce Dr. Rodrick for a deposition at the appropriate time.

9. In addition to an exchange of email correspondence sent in an effort to resolve this matter without the Court's intervention, I asked Mr. Haas for a telephone conference today. He refused that conference.

Dated: August 3, 2015

PritzkerOlsen, P.A.

By: ______________________________
ELLIOT L. OLSEN
Minnesota Bar #0203750
*Admitted Pro Hac Vice*

Sworn and subscribed to before
me this 3 day of August, 2015.

______________________________
Notary Public

