UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT J. RHODES and DIANA
RHODES,

      Plaintiffs,

v.                              Case No:  2:14-cv-561-FtM-29CM

LAZY FLAMINGO 2, INC.,

      Defendant.

---

## ORDER

Before the Court is Plaintiffs' Motion for Protective Order (Doc. 37) and Plaintiffs' Motion for Sanctions (Doc. 39).  Defendant filed a response in opposition to Plaintiffs' Motion for Protective Order along with a Motion to Strike Dr. Rodrick and for Imposition of Attorney's Fees and Costs (Doc. 41).  Defendant also filed a response to Plaintiffs' Motion for Sanctions and Motion for Sanctions Against Plaintiffs (Doc. 40).  Plaintiffs responded in opposition to Defendant's motion to strike (Doc. 44) and motion for sanctions (Doc. 43).

Plaintiffs filed a motion for protective order requesting that the Court order Defendant to pay for reasonable preparation and travel time of Plaintiffs' expert microbiogists, Dr. James Oliver and Dr. Gary Rodrick.  Doc. 37.  Plaintiffs also request that the Court allow Plaintiffs to postpone the deposition of Dr. Rodrick until an agreement has been reached concerning payment of expert expenses.  *Id.* at 2.  Plaintiffs filed an Affidavit of Elliot L. Olsen, their attorney, in support of its motion.  Doc. 38.

By affidavit, Attorney Olsen states that on July 27, 2015, Defendant's counsel, Raymond Haas, conducted the deposition of Dr. Oliver.  Doc. 38 at 1.  Dr. Oliver then issued an invoice seeking $1,000.00 as a flat fee for his deposition testimony, $250.00 for travel to and from the deposition, and $541.67 for his preparation and gathering of the documents requested by Defendant.  *Id.* at 2.  The total for Dr. Oliver's services was $1,791.67.  *Id.*  Attorney Haas stated that he would only pay the $1,000.00 flat fee for the deposition but he would not pay for the preparation or travel time.  *Id.*

Dr. Rodrick's deposition was scheduled for August 4, 2015.  *Id.*  Because Attorney Haas indicated that he would not pay for preparation or travel time, Attorney Olsen cancelled the deposition until the parties could reach an agreement regarding payment.  *Id.*  Plaintiffs remain willing to produce Dr. Rodrick for a deposition.  *Id.*

Defendant responds in opposition and moves strike Dr. Rodrick as an expert witness.  Doc. 41 at 1.  Defendant contends that Plaintiffs should have gone forward with the scheduled deposition of Dr. Rodrick and the motion for protective order was not the proper way to resolve this type of discovery dispute. *Id.* at 2. Defendant states, "[t]he proper course of action would have been to produce Dr. Rodrick for deposition as promised and if a dispute arose as to the proper compensation for Dr. Rodrick's deposition, to file a Motion to Set Reasonable Expert Witness Fee."  *Id.* at 3 (citing *Tomilson v. Landers*, 2009 WL 2499006 *3 (M.D. Fla. 2009).  Defendant requests that the Court deny Plaintiffs' motion for protective order and award it attorneys' fees

and costs in defending the motion.   Doc. 41 at 3.   In the alternative, Defendant requests that Dr. Rodrick be stricken as a witness.   *Id.*

The Court first will address Plaintiffs' argument that Dr. Oliver should be paid for his preparation for the deposition and his travel time.   The Court notes that Defendant did not address or provide any opposition to Plaintiffs' request that Defendant be ordered to pay for Dr. Oliver's preparation and travel time.   Failure to respond creates a presumption that the motion is unopposed.   *Great American Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526 *3 (M.D. Fla. 2012)[1] (citation omitted).

The Federal Rules of Civil Procedure provide that "[u]nless a manifest injustice would result, the court *must* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."   Fed. R. Civ. P. 26(b)(4)(E)(i) (emphasis added).   The court has discretion to determine what constitutes a "reasonable" fee.   *Putnal v. Guardian Life Ins. Co. of America*, 2005 WL 3532381 *2 (M.D. Ga. 2005) (citation omitted).   The court may consider various factors in determining a reasonable fee including:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be assistance to the court in balancing the interests implicated by Rule 26.

---

[1] The Court notes that it is not bound by the decisions of another district court or even an opinion of another judge in the same district court. *See Fox v. Acadia State Bank*, 937 F.2d. 1566, 1570 (11th Cir. 1991). The Court, however, finds the cases referenced from other district courts to be persuasive.

*Id.*; *Advanced Telemedia, L.L.C. v. Charter Communications, Inc.*, 2006 WL 3422669 *13 (N.D. Ga. 2006); *Johnson v. State Farm Fire & Casualty Co.*, 2013 WL 4804297 * 1 (S.D. Ala. 2013).

While the Eleventh Circuit has not directly addressed this issue, other courts within this circuit have found that "responding" includes the expert's preparation time. *See Ratcliff v. Baan Co.,* 2003 WL 25774909 *1 (N.D. Ga. 2003) (holding that an expert should be compensated for a reasonable amount of preparation time); *see also Advanced Telemedia*, *L.L.C.* 2006 WL 3422669 at *14; *Johnson*, 2013 WL 4804297 at *1.   "[T]he plain language of the rule requires compensation for preparation time as well as time spent testifying at a deposition because all of it is time spent 'responding.'" *Advanced Telemedia, L.L.C.* 2006 WL 3422669 at *14. Moreover, "[t]ravel time may [ ] be compensable under Rule 26(b)(4)(E) as 'time spent in responding to discovery.'"   *Johnson*, 2013 WL 4804297 at *1 (citing *Ndubizu v. Drexel Univ.*. 2011 WL 6046816 *3 (E.D. Pa. 2011)).

In *Johnson*, the defendant filed a motion to compel plaintiffs to pay fees related to the deposition of an expert disclosed by defendant. *Johnson*, 2013 WL 4804297 at *1.   The plaintiffs failed to respond to the motion to compel.   *Id.*   Based on review of the factors set forth above, the court found the fees charged to be reasonable.   *Id.* The court also found that the plaintiffs failed to show that compelling them to pay such fees would result in a manifest in injustice and therefore ordered the plaintiffs to pay the defendant the entire amount invoiced by its expert.   *Id.* at *2.

Here, Defendant issued a subpoena duces tecum to Dr. Oliver requesting that he produce various documents.   Doc. 44 at 2.   Defendant, however, asserted that it would not pay Dr. Oliver for his time in "preparation for the deposition."   Docs. 44 at 2; 44-2 at 4.   The Court, however, finds that it is reasonable to expect that Dr. Oliver expended time gathering documents responsive to the subpoena issued by the Defendant.   Moreover, Defendant has not shown that a manifest injustice would result if it is ordered to pay for Dr. Oliver's preparation for the deposition.

The Court also notes that Defendant agreed to pay for the travel time from Dr. Oliver's office to the deposition location.   Doc. 44-2 at 4.   The court in *Johnson* states that generally courts will limit the amount of compensable travel time to ensure the reasonableness of the rates charged by experts.   2013 WL 4804297 at *1 (citing *Ndubizu*, 2011 WL 6046816 *3).   Here, Defendant has not contested the reasonableness of the amount charged by Dr. Oliver for travel time.   Accordingly, the Court finds that Defendant must pay Plaintiffs for the travel time incurred by deposing Plaintiffs' expert, Dr. Oliver.

Next, Plaintiffs request that they be permitted to produce Dr. Rodrick at a later date when an agreement has been reached concerning the payment of expert expenses.   Doc. 37 at 2.   Defendant asserts that the motion for protective order is improper and that Plaintiffs should have produced Dr. Rodrick for deposition.   Doc. 41 at 3.   Plaintiffs' counsel responded that because of Defendant's unwillingness to pay the amount owed to Dr. Oliver, he was concerned that Dr. Rodrick would face a similar refusal to pay by Defendant after being deposed   Doc. 44-1 at 2.

The court may issue an order to protect a party or person from undue burden or expense.   Fed. R. Civ. P. 26(c)(1).   Plaintiffs are not seeking to prevent Defendant from taking the deposition of Dr. Rodrick.   Doc. 44 at 1.   Rather, Plaintiffs request that the Court require Defendants to pay Dr. Rodrick a reasonable fee following the deposition.   *Id.*   Plaintiffs also concede that the rules to do require prepayment of an expert witness fee.   *Id.*   The rules, however, require the party seeking discovery to pay a reasonable fee for time spent responding to discovery.   *Id.*   Accordingly, if Defendant wants to take the deposition Dr. Rodrick, Defendant must pay Dr. Rodrick a reasonable fee.

Thus, Plaintiffs' Motion for Protective Order is granted. Defendant is required to pay Dr. Oliver's entire invoice totaling $1,791.67.   If Defendant chooses to reschedule the deposition of Dr. Rodrick, Defendant must pay Dr. Rodrick a reasonable fee.   The Court notes that the discovery deadline was October 12, 2015. Doc. 34 at 1.   Accordingly, the Court will *sua sponte* extend the discovery deadline to November 16, 2015 for the limited purpose of taking the deposition of Dr. Rodrick. The Court also will extend the dispositive motion deadline to November 30, 2015. Each party will bear their own fees and costs associated with bringing and defending this motion for protective order.

Plaintiffs also move for sanctions against Defendant for failure to comply with the Case Management and Scheduling Order ("CMSO", Doc. 34) regarding court annexed mediation.   Doc. 39.   Plaintiffs' allege that Defendant violated the CMSO when it failed to have the insurance adjuster physically present for the mediation.

Docs. 39-1 at 3, 43 at 1.     Plaintiffs' counsel states that Defendant's counsel confirmed that his client would be present at mediation.     Doc. 39-1 at 3.   Plaintiffs' counsel understood that to mean that the insurance adjuster who had been administering the claim.   *Id.*

Defendant responds that a field representative appeared in person for the mediation and had full authority to settle.   Doc. 40 at 2.   Moreover, the insurance adjuster assigned to the claim appeared by phone.   *Id.*   Defendant also states that Diana Rhodes, a named Plaintiff, also appeared by phone and not in person.   *Id.* Defendant contends that the parties' telephonic participation was discussed, and the parties agreed to mediation under those terms.   *Id.* at 4.   Defendant seeks attorneys' fees and costs associated with defending this motion.   *Id.*

Plaintiffs respond that the field representative was never identified and it was never stated that she had full authority to settle.   Doc. 43 at 2.   Plaintiffs also contend that they expressed frustration with the non-appearance of the adjuster but agreed to proceed with the mediation because it was required by the Court.   *Id.* Plaintiffs also state that Vincent Rhodes had full authority to settle on behalf of his wife, Diana Rhodes.   *Id.*

The CMSO requires that each party (and in the case of a corporate party, a corporate representative) with full authority to settle, attend and participate in the mediation conference.   Doc. 34 at 7.   The Local Rules in this district also state, "[u]nless otherwise excused by the presiding judge in writing, all parties, corporate representative, and other required claims professionals (insurance adjusters, etc.)

shall be present at the Mediation Conference with full authority to negotiate settlement." M.D. Fla. Local Rule 9.05(c).

After review of the docket, the Court finds that neither party requested to appear telephonically nor did the Court issue any Orders permitting either Plaintiff Diana Rhodes or the insurance adjuster to appear telephonically at the mediation. Although the Court notes that Defendant had the corporate representative present, the local rules require the corporate representative *and* other required claims professionals be present at mediation. M.D. Fla. Local Rule 9.05(c) (emphasis added). Accordingly, neither party was in compliance with the local rules.

The local rules also provide that if the mediator approves, the mediation conference may proceed in the absence of a party who, after due notice, fails to be present. M.D. Fla. Local Rule 9.05(d). Here, it appears that mediator agreed to proceed with the mediation because the mediation went forward. Doc. 40 at 4.

Because neither party was in compliance with the local rules, the Court will deny both Plaintiffs' and Defendant's motions for sanctions.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Motion for Protective Order (Doc. 37) is **GRANTED**.

2.     Defendant shall pay the entire invoice of Dr. James Oliver totaling $1791.67.

3.     If Defendant chooses to proceed with the deposition of Dr. Gary Rodrick, Defendant must pay Dr. Rodrick a reasonable fee.

4.      The Court will extend the discovery deadline to **November 16, 2015** for the limited purpose of taking the deposition of Dr. Rodrick.

5.      The Court will extend the dispositive motion deadline to **November 30, 2015.**  All other deadlines and directives set forth in the Case Management and Scheduling Order (Doc. 34) remain unchanged.

6.      Defendant's Motion to Strike Dr. Rodrick (Doc. 41) is **DENIED**.

7.      Each party will bear their own fees and costs associated with bringing and defending this Plaintiffs' Motion for Protective Order.

8.      Plaintiffs' Motion for Sanctions (Doc. 39) is **DENIED.**

9.      Defendant's Motion for Sanctions (Doc. 40) is **DENIED.**

10.     Each party will bear their own fees and costs associated with bringing and defending the motions for sanctions.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of October, 2015.


                                                    CAROL MIRANDO
                                                    United States Magistrate Judge


Copies:
Counsel of record