UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT J. RHODES and DIANA RHODES,

      Plaintiffs,

v.                                        Case No: 2:14-cv-561-FtM-29CM

LAZY FLAMINGO 2, INC.,

      Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Motion for Leave to Take Video Depositions for Trial (Doc. 119) filed on August 5, 2016. Defendant seeks to take video depositions of two doctors for trial. Doc. 119. Plaintiffs oppose the requested relief and filed a response in opposition on August 9, 2016. Doc. 121. Defendant filed a reply to Plaintiffs' response (Doc. 121) on August 22, 2016. Doc. 124.

Plaintiffs Vincent J. Rhodes and Diana Rhodes ("Plaintiffs") initiated this case by filing a Complaint (Doc. 1) against Defendant Lazy Flamingo 2, Inc. ("Defendant") on September 25, 2014 in the Tampa Division of the Middle District of Florida.[1] Doc. 1. Vincent Rhodes asserts that he became severely ill after consuming oysters at Defendant's restaurant. Doc. 32 at 2-3. He argues that despite its statutory duty

---

[1] The case was transferred to the Fort Myers Division on September 26, 2014. Doc. 4. Defendant filed a Motion to Dismiss Plaintiffs' Complaint (Doc. 17), which the Court granted on January 30, 2015. Doc. 28. Plaintiffs filed an Amended Complaint on February 25, 2015. Doc. 32.

to warn him of the health risks associated with consuming raw oysters, Defendant did not provide him with a warning. *Id.*

On March 20, 2015, the Court issued a Case Management and Scheduling Order ("CMSO") setting the discovery deadline to October 12, 2015 and a trial term of March 1, 2016. Doc. 34. The Order states, that "[e]ach party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline." *Id.* at 2. The case was reassigned to a visiting judge, the Honorable Paul A. Magnuson,[2] who reset this case's trial term to April 18, 2016. Docs. 46, 61, 117. In anticipation of trial, Plaintiffs disclosed their witness and exhibit lists (Docs. 89, 90) on March 21, 2016,[3] and Defendant disclosed theirs (Docs. 97, 101) on March 23, 2016. However, on March 29, 2016, Plaintiffs filed a Motion to Continue Trial because their essential witness, Diana Rhodes, was very ill and was to undergo a serious medical procedure. Doc. 108. The Court granted the motion, continuing trial to November 1, 2016. Doc. 117.

On August 5, 2016, three (3) months before trial and ten (10) months after the discovery deadline had passed, Defendant filed this present motion for leave to take video depositions of two witnesses, Juan Herrera, M.D., and Houtan Sareh, M.D. Doc. 119. On August 8, 2016, Defendant issued subpoenas to the two doctors to

---

[2] Judge Magnuson is Senior United States District Judge for the District of Minnesota. Doc. 46.

[3] Defendant states that Plaintiffs disclosed their initial witness list on January 13, 2016. Doc. 124 at 2. Defendant also states that the list had the names of both Juan Herrera, M.D. and Houtan Sareh, M.D., the physicians whose depositions Defendant seeks to take. *Id.*

testify at depositions on September 30, 2016. Doc. 121-5. Prior to Defendant's present motion and service of subpoena, both witnesses do not appear on Defendant's witness lists published on January 14, 2016 and March 9, 2016. Doc. 121 at 2-3. Defendant's witness list served on March 23, 2016 includes the name of Dr. Herrera only. *Id.* at 3. Defendant still believes that both parties have already noticed the two witnesses for trial because the two doctors are on Plaintiffs' witness lists. Doc. 124 at 2-3. Defendant has reserved "the right to call any witness listed by [] Plaintiffs on their Trial Witness List(s)" by including such provision on their witness lists. *Id.*; Doc. 121-3 at 3.

Defendant presents three reasons why the Court should grant its motion. First, because Defendant obliged with Plaintiffs' request to take the video deposition of Rajendra Sunita Sharma, M.D., on April 2016 as a professional courtesy after the discovery period had closed, Defendant seeks that "this professional courtesy be reciprocated." *Id.* Second, Defendant argues that video depositions would "eliminate any uncertainties of scheduling testimony," allow the parties to "present deponents' testimonies in a more orderly and organized fashion," and insert the experts' testimonies at appropriate times during trial. *Id.* at 2. Third, Defendant argues that discovery depositions and depositions taken to preserve testimony at trial are different, and that Defendant's proposed "trial preservation deposition is appropriate" under the legal standard of *Estenfelder v. Gates Corp,* 199 F.R.D. 351 (D.Colo. 2001). *Id.* at 3-4.

Defendant's "apparent belief that it would be legal error to treat [trial] depositions[4] as subject to the discovery deadline is misplaced." *Dopson-Troutt v. Novartis Pharm. Corp.*, No. 8:06-cv-1708-T-24-EAJ, 2013 WL 5231413, at * 2 (M.D. Fla. Sept. 16, 2013). In fact, it is not unreasonable or uncommon for discovery deadlines to apply to all depositions regardless of the depositions' purposes and timing because the Federal Rules of Civil Procedure do not make distinctions between trial depositions and discovery depositions. *Id.* at *3; *Marshall v. Rice*, 211 F.R.D. 680, 681 (M.D. Fla. Nov. 12, 2002) (holding that the Federal Rules of Civil Procedure do not distinguish between video depositions to be taken for trial and discovery depositions). Thus, by asking to take a video deposition after the discovery deadline, a party assumes a risk that the court may not allow a deposition to be taken closer to the trial date. *Dopson-Troutt*, 2013 WL 5231413, at *3. Accordingly, Rule 30 of the Federal Rules of Civil Procedure and the discovery deadline of October 12, 2015 apply to the video depositions here. Doc. 34. In other words, Defendant's video depositions to be taken for trial are treated the same as discovery depositions to be taken ten (10) months after the discovery deadline had passed. *See Dopson-Troutt*, 2013 WL 5231413, at *3.

---

[4] Defendant here uses the term "*de bene esse* depositions" to refer to the video depositions to be taken for trial. Docs. 119, 124. The Eleventh Circuit interpreted the term "*de bene esse* depositions" to indicate "depositions that may be used at trial if the witness is unable to attend trial." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1359 n.3 (11th Cir. 2002). Defendant has made no such showing that the two doctors are unavailable to testify at trial. Doc. 119 at 2. Instead, Defendant states that the two doctors "expressed a request to have their testimony trial preserved." *Id.* at 2. The doctors' request was not attached to the motion, and Plaintiffs have not seen such request. Doc. 121 at 2.

First, the Court cannot grant this present motion on the ground that Plaintiffs also had taken a deposition to be used for trial after the discovery deadline had passed. The discovery deadline equally applied to Plaintiffs' deposition taken for trial on April 5, 2016, and Plaintiffs should have sought the Court's leave for the deposition of April 5, 2016. Doc. 124-1. Defendant, however, received notice of the deposition dated March 22, 2016 (Doc. 124-1), yet did not object to Plaintiffs' deposition or file a motion for a protective order. Doc. 119 at 1. By not doing either, Defendant waived its objections and created a presumption that Plaintiffs' deposition was unopposed. *Id.*; *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). Here, Plaintiffs, instead of remaining silent, vigorously oppose the present motion and have filed a brief in opposition. Doc. 121.

Defendant cites *Chrysler International Corp. v. Chemaly* for the proposition that the Court can allow a trial deposition and "limit the amount of time for taking of the [trial] deposition." 280 F.3d 1358 (11th Cir. 2002); Doc. 124 at 4. *Chrysler*, however, mandates the court to "consider all circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial" before granting or denying the motion for video depositions. 280 F.3d at 1362. In *Chrysler*, the court denied the request to take a deposition when a party made the request one year after filing the lawsuit and had known the importance of the witness's testimony for some time. *Id.* at 1361.

Here, as in *Chrysler*, the Court finds that Defendant has unduly delayed in obtaining video depositions. *Id.* Defendant argues taking a video deposition to preserve testimony for trial is necessary because both witnesses "have expressed a request to have their testimony for trial preserved," and this would "allow the witnesses to continue with their previous existing professional commitments." Doc. 119 at 2. Defendant does not allege that the two doctors are unavailable to testify at trial, and it has made no such showing. *Id.* In fact, Defendant has known of the two doctors since their names appeared on Plaintiffs' witness list published on January 13, 2016. Doc. 124 at 2. Defendant delayed at least seven (7) months in seeking their depositions after they had become aware of the witnesses. *Id.* Defendant explains that the delay was caused by the Court's continuance of trial to November 1, 2016 upon granting Plaintiffs' motion to continue. Doc. 119 at 4. The continuance in April still does not explain why Defendant chose to wait four (4) months after the continuance to file this present motion. *Id.*

Furthermore, allowing depositions at this point "would be unfairly prejudicial because any new facts would require [Plaintiffs] to change their trial preparation efforts just one month before trial." *See Dopson-Troutt*, 2013 WL 5231413, at *3. Plaintiffs argue that Defendant's statement of both parties having noticed the two doctors for trial is clearly false. Doc. 121 at 3. Defendant did not include the names of the two doctors on their witness lists published on January 14, 2016 and March 9, 2016. Doc. 121 at 2-3. Only Dr. Herrera appears on Defendant's amended witness list published on March 23, 2016. *Id.* at 3. Plaintiffs also contend that Defendant

has not discovered the doctors' thoughts and opinions, and that Plaintiffs do not have the two doctors' reports in their possession detailing the doctors' thoughts and opinions, either. Doc. 121 at 4. Furthermore, even though three months remained before trial when Defendant filed the present motion, by the time the motion became ripe and Defendant filed its reply on August 22, 2015, less than two and a half months remained before trial. Doc. 124. When the Court issues this Order, the parties will have approximately one month before trial. As a result, any new facts revealed during the two doctors' depositions would force Plaintiffs to change their trial tactics one month before trial. *See Dopson-Troutt*, 2013 WL 5231413, at *3.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion for Leave to Take Video Depositions for Trial (Doc. 119) is **DENIED**.

2. All requests, notices, and subpoenas that are related to video depositions of Juan Herrera, M.D., and Houtan Sareh, M.D. are **QUASHED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record