UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT J. RHODES and DIANA
RHODES,

    Plaintiffs,

v().                                   Case No: 2:14-cv-561-FtM-29CM

LAZY FLAMINGO 2, INC.,

    Defendant.
_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Compel Update Depositions of the Plaintiffs filed on May 25, 2018. Doc. 210. Plaintiffs filed a response in opposition on June 5, 2018. Doc. 212. For the reasons stated below, the motion is granted.

### I. Background

On September 25, 2014, Plaintiffs filed a Complaint against Defendant Lazy Flamingo 2, Inc. ("Lazy Flamingo"). Doc. 1. On February 25, 2015, Plaintiffs filed an Amended Complaint against Defendant alleging violations of Florida state law and claims for negligence, strict liability, and breach of warranty. Doc. 32. The Amended Complaint alleges Plaintiff Vincent Rhodes suffers from chronic liver disease and contracted a severe bacterial infection shortly after eating raw oysters at Lazy Flamingo on July 14, 2012. *Id.* ¶¶ 8, 13, 17, 19. Plaintiffs claim Defendant violated Florida law by failing to properly warn Plaintiffs of "the serious risk of illness or death posed by consuming . . . uncooked oysters" generally, and of the greater risk

for individuals with chronic liver disease. *Id.* ¶¶ 9-12. Plaintiffs seek payment for damages that include Vincent Rhodes' past and future medical expenses related to the illness and "Diana Rhodes' loss of her husband's consortium, society and support[.]" *Id.* at 7.

Defendant last deposed Plaintiffs regarding the substantive issues in the case on March 10, 2015, and Plaintiffs testified at trial in November 2016. Doc. 210 at 1. On November 18, 2016, the jury returned a verdict in favor of Defendant. Doc. 158. The judgment was then reversed and remanded on appeal, and on May 1, 2018, the Court re-set the case for the December 3, 2018 trial term. Doc. 208. Defendant filed the present motion two weeks after entry of the Court's May 1 Order. Doc. 210.

## II. Discussion

Defendant seeks to compel update depositions of Plaintiffs prior to the December 2018 trial and asks the Court's permission to depose Vincent and Diana Rhodes by telephone for one hour each. Doc. 210 at 1. Defendant argues the depositions are necessary to ascertain Vincent Rhodes' "current medical condition" and the "current state of allegations" relating to Diana Rhodes' loss of consortium claim. *Id.* Both subjects relate to Plaintiffs' request for monetary damages in the Amended Complaint. Doc. 32 at 7. Defendant further asserts it will be "severely prejudiced" at trial if the Court disallows the requested depositions. Doc. 210 at 2.

Plaintiffs do not directly address the damages issue in their response. However, Plaintiffs argue their allegations have remained "completely unchanged" since the filing of the Amended Complaint in February 2015 and thus "[t]here is

nothing new for the defense to learn." Doc. 212 at 1, 3-4. Plaintiffs further argue Defendant has not shown why update depositions are necessary or how Defendant would be prejudiced if the motion to compel is denied. *Id.* at 3-4. Further, Plaintiffs assert Defendant failed to follow preconditions for conducting update depositions set by Rules 16 and 30 of the Federal Rules of Civil Procedure. *Id.* at 2. Specifically, Plaintiffs note Defendant did not seek to amend the Case Management and Scheduling Order or seek leave of Court for the update depositions prior to filing the present motion. *Id.*

Rule 16 requires a showing of good cause for modification of a court's scheduling order, including to reopen discovery. Fed. R. Civ. P. 16(b)(4). Regarding update depositions, or re-deposing an individual, Rule 30 provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." *Hooks v. Geico Gen. Ins. Co., Inc.*, No. 3:13-CV-891-J-34JBT, 2015 WL 12838794, at *1 (M.D. Fla. Jan. 14, 2015) (quoting Fed. R. Civ. P. 30(a)(2)). Under Rule 26, courts may deny leave if (1) the update depositions are unreasonably cumulative or duplicative, or the information is obtainable from another less burdensome source; (2) the party seeking the depositions has had ample time to obtain the information; or (3) the burden or expense of the update depositions outweighs their likely benefit. *See id.*; Fed. R. Civ. P. 26(b)(2)(C). District courts have broad discretion when managing their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th

Cir. 2001); *Young v. Smith*, No. 3:07-CV-00854, 2016 WL 1089132, at *2 (M.D. Penn. March 21, 2016); *see also Hooks*, 2015 WL 12838794 at *2 ("[t]he availability of a second deposition . . . is left to the sound discretion of [the district court].").

In *Young*, the plaintiff high school student filed an action under 42 U.S.C. § 1983 against the defendant, the plaintiff's former teacher, alleging the defendant discriminated against the plaintiff on the basis of sex and seeking twenty-five thousand dollars in compensatory damages for the harm caused to the plaintiff. 2016 WL 108132 at *1. Following the reversal of two separate jury verdicts in 2011 and 2014, a third trial was scheduled in 2016. *Id.* Prior to the third trial, the defendant moved to compel the plaintiff to submit to a "limited" update deposition, arguing it was "necessary to determine the extent and scope of [the plaintiff's] damages in the intervening years" since the 2011 and 2014 trials. *Id.* The defendant also agreed to limit the deposition to two hours at a convenient location for the plaintiff. *Id.* The court granted the motion, reasoning that the plaintiff's last deposition occurred several years prior, there was "reason to believe that [the plaintiff's] personal circumstances have changed significantly since then[,]" and the information sought by the deposition "speaks directly to the element of damages[.]" *Id.* at 2. The court further noted that the proposed deposition would not affect the trial date or other case scheduling matters, and that the defendant agreed to reasonable limitations on the deposition. *Id.*

Similarly here, Defendant seeks to compel update depositions of the two named Plaintiffs, Vincent and Diana Rhodes. Doc. 210 at 1. Defendant represents that

the purpose of the update depositions is to ascertain whether there has been any change in Vincent Rhodes' medical condition (i.e., increased medical expenses) or in Diana Rhodes' loss of consortium of her husband since the March 2015 depositions or the November 2016 trial.  *Id.*  Like in *Young*, the information Defendant seeks to obtain from these depositions is directly related to the element of damages.  *See id.*; 2016 WL 108132 at *2.  Further, like in *Young*, the proposed update depositions here are limited in nature: Defendant seeks two one-hour depositions to be conducted by telephone.  Doc. 210 at 1; 2016 WL 108132 at *1.  Thus, the Court finds good cause under Rule 16 to reopen discovery for the limited purpose of the requested update depositions.

Further, the limits on discovery in Rule 26(b)(2) do not prevent the update depositions requested here.  First, the requested depositions are not unreasonably cumulative or duplicative because the information sought is new information—changes in Plaintiffs' circumstances since the March 2015 depositions and November 2016 trial.  Doc. 210 at 1.  Defendant also has not had ample opportunity to obtain this information because of the procedural posture of the case and the nature of the information sought.  Further, Defendant filed this motion promptly following the Court's May 1, 2018 Order setting the case for trial in December 2018.  Doc. 208.  Finally, the burden of the proposed depositions does not outweigh their likely benefit.  Plaintiffs are not required to travel for the depositions, and the subject of the depositions relates directly to the issue of damages in the December retrial.  Doc. 210.

ACCORDINGLY, it is

**ORDERED**:

1. Defendant's Motion to Compel Update Depositions of the Plaintiffs (Doc. 210) is **GRANTED**.

2. Discovery is reopened for the limited purpose to permit Defendant to conduct update depositions of Plaintiffs Vincent and Diana Rhodes. The depositions shall be limited to **one hour** each and shall be conducted by **telephone**.

3. Defendant shall conduct the depositions by **October 12, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of August, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record